200 PARK AVENUE, SUITE 1700
NEW YORK, NY 10166
212-354-0025
FAX: 212-869-0067

# TISDALE
## LAW OFFICES, LLC

*New York, NY · Southport, CT*

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

TL@TISDALE-LAW.COM

WWW.TISDALE-LAW.COM

**BY ECFSDNY**

Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE: Platina Bulk Carriers Pte Ltd. v. Praxis
Energy Agents DMCC et al500
**20-cv-04892-NRB**

Dear Judge Buchwald:

We are the attorneys for the Plaintiff Platina Bulk Carriers Pte Ltd., in the above captioned matter, which has been assigned to your Honor.  We write to request permission to file a motion for substitute process.

The matter involves non-payment of an invoice of bunker fuel that resulted in the arrest of the Vessel OCEANMASTER in Fujairah, U.A.E.  On December 2, 2019, Platina settled the claim with Al Arabia Bunkering Company LLC for a total of $148,472 and received from Al Arabia an assignment of its rights against Praxis Energy Agents Pte Ltd., up to the amount of the settlement. While the settlement was being negotiated, the vessel remained under arrest. The damages suffered by Platina due to the time lost at Fujairah as a result of the arrest by Al Arabia totals $147,335.90, plus attorneys' fees of $20,000. The total damages suffered by Platina due to Praxis Energy Agents Pte Ltd., failure to pay Al Arabia is $315,807.90, plus interest from December 4, 2019.

On or about October 14, 2019, Plaintiff as the time charterer/disponent owner of the OCEANBEAUTY ordered bunker fuel from Praxis Energy Agents Pte Ltd. Fuel was delivered to the OCEANBEAUTY by Al Arabia as physical suppliers. Praxis Energy Agents Pte Ltd., invoiced Platina $272,822.50 for the bunker fuel which was delivered. On November 1, 2019, Platina paid Praxis Energy Agents Pte Ltd., $272,822.50 for the bunker fuel delivered to the OCEANBEAUTY. However, Praxis Energy Agents Pte Ltd., never paid Al Arabia, the physical suppliers of the bunker fuel. Threats of arrest of the OCEANBEAUTY have been made by Al Arabia but to date, the vessel has not been arrested.

An Amended Complaint was filed July 7, 2020.  A Summons was issued by the Clerk's Office on July 8, 2020 for Praxis Energy Agents Pte Ltd., and on July 9, 2020 for Praxis Energy Agents DMCC and Praxis Energy Agents LLC.  Now service of said Summons and Complaint must now be effectuated in order to join issue.  On July 13, 2020 Plaintiff assigned service of

process to a private process server who attempted service on the Defendants a total of seven times but was unsuccessful. Theses attempts included serving the Summons and Complaint at the business office of the Defendants and the residence of the registered agent.

Given the foregoing, and the ongoing circumstances surrounding covid-19, we are seeking permission to serve the defendants under Rule 4 of the Federal Rules of Civil Procedure or, alternatively, to interpose a formal Motion to serve Defendants under Rule 4 of the Federal Rules and Texas Rules of Civil Procedure106(a). Because Plaintiff has met the requirements of Tex. R. Civ. P.106(b), Plaintiff seeks to file a motion for Order for substitute service of process on Defendants under Fed. R. Civ. P. 4(e)(1) that would allow Plaintiff to serve process as follows: (1) Mailing a true copy of the summons and Complaint to the Defendants' registered agent's residence via certified mail; (2) Mailing a true copy of the summons and complaint to the Defendants' place of business via certified mail; and (3) Leaving a true copy of the Summons and Complaint at the registered agent's residence.

Rule 4(e)(1) allows service of process under the law of the forum state. Fed. R. Civ. P. 4(e)(1) (permitting service upon an individual "pursuant to the law of the state in which the district is located"). New York's law regarding service on an individual largely tracks Fed.R.Civ.P. 4(e)(2), but also permits substitute service at the individuals "actual place of business." N.Y. C.P.L.R. § 308(2). *Acceptance Ins. Co. v. Home Med. of Am., Inc.*, No. 04 CIV.9338 WHP, 2005 WL 3471780, at \*2 (S.D.N.Y. Dec. 20, 2005). By contrast, absent leave of the court, Texas does not authorize substitute service on any individual other than the person to be served. *Acceptance Ins. Co.*, No. 04 CIV.9338 WHP, 2005 WL 3471780, at \*2.; *See* Tex.R. Civ. P. 106(a); *Vespa v. Nat'l Health Ins. Co.,* 98 S.W.3d 749, 751-52 (Tex.App.2003); *Krantz & Berman, LLP v. Dalal*, No. 09 CIV.9339 (DLC), 2010 WL 1875695, at \*3 (S.D.N.Y. May 11, 2010).

Further, as shown in the process server's affidavit, Plaintiff has unsuccessfully attempted to serve Defendants a total of seven times both at the Defendants' place of business and the registered agent's residence. *See* Affidavit of Geoffrey Anderson attached hereto as Exhibit 1. In *Selippos Tech., Ltd. v. First Mountain Bancorp*, the court allowed plaintiff to conduct substitute service on a defendant whom plaintiff had attempted to serve at his residence five times. No. 4:12-CV-01508, 2013 WL 1181469, at \*1 (S.D. Tex. Mar. 20, 2013).

Presently there are no conferences scheduled regarding this case.

Sincerely,


        /s/Austyn L. Carolin
Austyn L. Carolin (439988)