200 PARK AVENUE, SUITE 1700
NEW YORK, NY 10166
212-354-0025
FAX: 212-869-0067

TL@TISDALE-LAW.COM



# TISDALE
## LAW OFFICES, LLC

*New York, NY · Southport, CT*

10 SPRUCE STREET
SOUTHPORT, CT 06890
203-254-8474
FAX: 203-254-1641

WWW.TISDALE-LAW.COM

September 28, 2020

***Via ECF***
Honorable Naomi R. Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    **Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC et al.**
             **20-CV-04892-NRB**
             **TLO File No.: 2838**

Dear Judge Buchwald:

       We are attorneys for the Plaintiff Platina Bulk Carriers Pte Ltd., ("Plaintiff") in the above captioned matter. We write to respectfully request the Court consider the supplemental actions taken by Plaintiff in an attempt to serve process upon the Defendants, Praxis Energy Agents DMCC, Praxis Energy Agents LLC, and Praxis Energy Agents PTE LTD (collectively the "Defendants").

       On July 24, 2020, Plaintiff filed a letter requesting permission to file a motion for substitute service of process. With the Court's consent, on July 30, 2020, Plaintiff filed a Motion to request substitute service. As stated in the Motion, Plaintiff attempted service on the Defendants' Registered Agents residence and Praxis' place of business in Houston Texas a total of seven times.

       On September 3, 2020, Plaintiff attended a conference at which the Court expressed concern about the level of notice alternative service would provide the Defendants. As a result, Plaintiff attempted service an additional eight times on the Defendants at the Registered Agents' residence and the Houston office of Praxis. Service was conducted by a process server, Mr. Geoffrey Anderson, as follows[1]:

       On September 10, 2020 at 10:15 am, 1725 Hughes Landing, Suite 890, Houston, TX, Mr. Anderson observed that office space appeared to be operational with company signage visible on the wall as seen through the office glass doors. No one was present in the office and the lights were turned on. He knocked repeatedly in case someone may be working in a back-office area;

---

[1] The affidavit of service is attached hereto as **Exhibit 1**

there was no response. An unopened 5-gallon water bottle was visible inside the office near the front door that had not been present in prior visits. The bottle was situated in a manner that the vending company name could not be seen on the bottle.

On September 10, 2020 at 10:40 am 111 W. Ambassador, Houston, TX, Mr. Anderson went to the residence of the Registered Agent, Theodosios Kyriazis, to attempt service. He knocked at the door; there was no response from inside the home. He knocked several more times; there was no response. The yard sign indicating "TWHS 'W' Senior 2020" was no longer present in the front yard flower bed. The sign was present on prior visits to the residence.

On September 11, 2020 at 3:20 pm 1725 Hughes Landing, Suite 890, Houston, TX. Mr. Anderson observed that the Office space appeared to be operational with company signage visible on the wall as seen through the office glass doors. No one was present in the office and the lights were turned on. He knocked repeatedly in case someone may be working in a back-office area; there was no response. Seven (7) empty 5-gallon water bottles were present and visible inside the office near the front door that had not previously been there on prior visits to the business. The bottles were situated in a manner that the vending company name could not be seen on the bottles. The one full water bottle seen on the prior day was still visible in the office.

On September 11, 2020 at 3:50 pm 111 W. Ambassador, Houston, TX. Mr. Anderson went to the residence of the Registered Agent, Theodosios Kyriazis, to attempt service. He knocked at the door; there was no response from inside home. He knocked several more times; there was no response. No changes.

On September 12, 2020 at 12:45 pm 1725 Hughes Landing, Suite 890, Houston, TX, upon Mr. Anderson's arrival at the business address, he attempted to enter the building and the front doors were locked. He was unable to gain access.

On September 12, 2020 at 1:17 pm 111 W. Ambassador, Houston, TX, Mr. Anderson returned and attempted service at the Registered Agent's home address. He knocked at the door; there was no response from inside home. He knocked several more times; there was no response. No changes.

On September 15, 2020 at 9:04 am 111 W. Ambassador, Houston, TX, Mr. Anderson returned and attempted service at the Registered Agent's home address. He knocked at the door; there was no response from inside home. He knocked several more times; there was no response. No changes.

On September 12, 2020 at 9:30 am 1725 Hughes Landing, Suite 890, Houston, TX, no one was present in the office and the lights were turned on. Mr. Anderson knocked repeatedly; there was no response. He knocked again; there was no response. No changes.

In addition to the above described attempts, this office also emailed a copy of the Summons and Complaint to ten email addresses believed to be used by the Defendants. These email addresses were collected from other recent cases in which the Defendants have been a party. Six of these email addresses received a copy of the Summons and Complaint and four emails were "kicked back" as invalid email addresses.[2] No Representative of Praxis has acknowledged or responded to the emails that are presumed to have been received.

Plaintiff respectfully requests that the Court reconsider its motion for Alternative Service of Process and consider the additional attempts made by the Plaintiff to effectuate proper service on the Defendants.

As detailed in the process server's affidavit, Plaintiff has unsuccessfully attempted to serve Defendants an additional eight times both at the Defendants' place of business and the registered agent's residence. *See* Affidavit of Geoffrey Anderson attached hereto as Exhibit 1. These efforts, and the seven prior attempts, evidence Plaintiff's extensive efforts to serve the Defendants. In *Selippos Tech., Ltd. v. First Mountain Bancorp*, the court allowed plaintiff to conduct substitute service on a defendant whom plaintiff had attempted to serve at his residence five times. No. 4:12-CV-01508, 2013 WL 1181469, at *1 (S.D. Tex. Mar. 20, 2013). Plaintiff has made numerous good faith efforts to serve the Defendants and has even reached out to Defendants via email to provide notice that service has been attempted. Defendants have consistently evaded service and now Plaintiff respectfully requests that the Court reconsider Plaintiff's motion for Alternative Service.

Sincerely,

/s/Austyn L. Carolin

Austyn L. Carolin (439988)

---

[2] Please find the email sent to Praxis with the Summons and Compliant and the "kick back" email attached hereto as **Exhibit 2**