UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
PLATINA BULK CARRIERS PTE LTD,

                Plaintiff,           **MEMORANDUM AND ORDER**

     - against -            20 Civ. 4892 (NRB)

PRAXIS ENERGY AGENTS DMCC,
PRAXIS ENERGY AGENTS LLC, and
PRAXIS ENERGY AGENTS PTE LTD,

                Defendants.

------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Platina Bulk Carriers Pte Ltd. ("Platina"), a charterer of bulk carrier ships, is suing its fuel supplier to recover damages it incurred after the supplier allegedly failed to pay the company that physically delivered fuel to two of Platina's ships. (Am. Compl. (ECF No. 13) ¶¶ 1-5, 9-31.) These alleged damages consist of both the money Platina paid to the fuel delivery company and the costs arising from the arrest of one of Platina's ships. (Id.)

    The three fuel supplier defendants are Praxis Energy Agents LLC, a Texas Limited Liability Company ("Praxis LLC"), Praxis Energy Agents DMCC, an Emirati company, and Praxis Energy Agents Pte Ltd., a Singaporean company, whom Platina alleges are each other's alter egos. (Id.) Platina moves for authorization to use alternative methods of service on Praxis LLC, asserting that

service on Praxis LLC is effective as to all three defendants on an alter ego theory. (See ECF Nos. 24, 25, 27.)

Platina's motion is granted, subject to the modifications described below.

## BACKGROUND

Platina has tried, unsuccessfully, to personally serve Praxis LLC 15 times over the past three months.

In July, Platina first attempted service at Praxis LLC's alleged principal place of business, which the evidence suggests had been empty for at least six months. (Aff. of Geoffrey Anderson (ECF No. 25-1) at 1; see Am. Compl. ¶ 5.) Next, Platina sought to serve Praxis LLC three times at 1725 Hughes Landing Boulevard in Houston, Texas—another business address associated with the company. (Anderson Aff. at 2-3; ECF No. 25 at 2.) While this address held more promise because it appeared operational and had Praxis LLC signage, the office was unstaffed and an employee of a neighboring business told Platina's process server that it had been empty for three weeks. (Anderson Aff. at 2-3.) Finally, Platina tried to serve Praxis LLC's registered agent, Theodosios Kyriazis, three times at his residence. (Id.; Mem. at 3.) Here, too, the house was uninhabited and a neighbor informed Platina's process server that it had been that way for three weeks. (Anderson Aff. at 2-3.)

Following these seven July attempts, Platina filed this motion requesting that the Court authorize three alternative methods of service: (1) "mailing a true copy of the summons and complaint to the Defendants' registered agent's residence via certified mail"; (2) "leaving a true copy of the summons and complaint at the registered agent's residence"; and (3) "mailing a true copy of the summons and complaint to the Defendants' place of business via certified mail." (ECF No. 25 at 1.)

On September 3, 2020, the Court held a conference in which it opined that there was a reasonable likelihood that the COVID-19 pandemic was the source of Platina's difficulties serving Praxis LLC and, if so, Platina had not justified their requested relief based on the record at that point.  In light of these comments, Platina stated that it would continue to try to serve Praxis LLC and supplement the motion record.

On September 28, 2020, Platina filed a letter describing its further attempts to serve Praxis LLC. (ECF No. 27.) According to that letter, between September 10, 2020 and September 15, 2020, Platina tried to serve Praxis LLC an additional eight times between the Hughes Landing office and Mr. Kyriazis's residence. (Id. at 2; Supp. Aff. of Geoffrey Anderson (ECF No. 27-1) at 2-4.)  The only changes at these locations since July were that a vending company had delivered water bottles to the Praxis LLC offices and that a sign had been removed from Mr. Kyriazis's yard. (See

Anderson Supp. Aff. at 2-4.)  Otherwise, Platina was still unable to locate anyone to serve at either place.

Finally, Platina emailed the summons and complaint to ten email addresses it believes to be associated with Praxis LLC. (ECF No. 27 at 3.)  While no one acknowledged or responded to those emails, Platina's evidence shows that the emails were transmitted to six of those ten addresses.  (Id. at 3; ECF No. 27-2.)

Based on this record, Platina renews its request for the Court to approve alternative methods of service.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure permit Platina to serve Praxis LLC under the methods approved by the laws of New York, the state where this suit is pending, or Texas, the state where Platina intends to serve Praxis LLC.  Fed R. Civ. P. 4(h)(1)(A), 4(e)(1).

New York law requires Platina to serve Praxis LLC by personally serving a member, manager, or agent of the company. N.Y. C.P.L.R. § 311-a(a).  If Platina can demonstrate that service using these methods is "impracticable," then Platina may serve Praxis LLC "in such manner as the court, upon motion without notice, directs."  Id. § 311-a(b).

Texas law similarly mandates that Platina must first attempt to serve Praxis LLC's member, manager, or registered agent through either personal service or registered or certified mail, return

receipt requested.[1]  Tex. R. Civ. P. 106(a); Tex. Bus. Orgs. Code Ann. §§ 5.201(a), 5.255(3).  If Platina shows that it tried and failed to serve Praxis LLC through either of these methods, then it may ask the Court to approve alternative service through "any other manner" that the Court determines "will be reasonably effective to give the defendant notice of the suit."  Tex. R. Civ. P. 106(b)(2); see State Farm Fire & Cas. Co. v. Costley, 868 S.W.2d 298, 298–99 (Tex. 1993) (per curiam).

Alternatively, when a registered agent for a Texas limited liability company "cannot with reasonable diligence be found at the registered office of the entity," Texas law designates the Texas Secretary of State as the company's agent for service of process.  Tex. Bus. Orgs. Code Ann. § 5.251(1)(B).

Beyond these state-specific rules, it is a "fundamental requirement of due process" that any alternative method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent.

---

[1]     For Platina to serve Praxis LLC through certified mail, both New York and Texas law require a signed return receipt.  See N.Y. C.P.L.R. § 312-a(b); Tex. R. Civ. P. 107(c).  Platina's request that the Court authorize alternative service by certified mail is presumably to obviate the signed return receipt requirement.

Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (citations omitted).[2]

Applying these principles, Platina must first show that it meets New York's or Texas's thresholds to request an alternative form of service.  Then, Platina must prove that its proposed alternative methods of service are reasonably calculated under the circumstances to give Praxis LLC notice of this lawsuit.

## DISCUSSION

### I.  Entitlement to Alternative Methods of Service

Platina easily meets the requirements under New York and Texas law to seek court approval of alternative methods for service.

Platina has made over 15 attempts to personally serve Praxis LLC and its agents at Praxis LLC's alleged principal place of business, another business location associated with Praxis LLC, and Praxis LLC's registered agent's residence.  These failed attempts establish that New York's prescribed personal service methods are "impracticable."  N.Y. C.P.L.R. § 311(a)-(b); see, e.g., Shamoun v. Mushlin, No. 12 Civ. 03541, 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013).  They also satisfy the Texas requirement

---

[2]    New York and Texas, as they must, adopt this due process requirement in their alternative service laws.  See Harkness v. Doe, 689 N.Y.S.2d 586, 587 (N.Y. App. Div. 1999) (alternative service must "be reasonably calculated, under all the circumstances, to apprise the defendant of the pending lawsuit"); Tex. R. Civ. P. 106(b)(2) (alternative service must "be reasonably effective to give the defendant notice of the suit"); Interaction, Inc. v. State, 17 S.W.3d 775, 780 (Tex. App. 2000) (holding that, even without proof of actual notice to defendant, service on Texas Secretary of State satisfied due process because defendant breached legal duty to keep a registered agent available for service).

that Platina try to personally serve a Praxis LLC agent before requesting to use an alternative method.  Tex. R. Civ. P. 106(b).

## II.  Due Process Requirements

Standing alone, Platina's three proposed alternative methods of service do not meet the due process standard of being reasonably calculated to inform Praxis LLC or its agents of this lawsuit. Mullane, 339 U.S. at 314; see Harkness, 689 N.Y.S.2d at 587; Tex. R. Civ. P. 106(b).  That is because mailing the summons and complaint to or leaving the same at a business address and residence that have been unoccupied for several months is not sufficiently likely to inform Praxis LLC or its agents of this action.[3]

While in isolation Platina's three proposed methods do not meet the due process standard, when combined with the additional methods prescribed below, the Court is satisfied that Platina will have taken reasonably calculated steps to apprise Praxis LLC or its agents of this lawsuit under the circumstances.  See, e.g.,

---

[3]   In the cases Platina cites for support, unlike here, plaintiffs introduced evidence that defendants had recently seen other mail sent to their addresses and were thus likely to learn of the pending lawsuits if process were mailed to them.  See Costley, 868 S.W.2d at 299; Selippos Tech., Ltd. v. First Mountain Bancorp, No. 12 Civ. 1508, 2013 WL 1181469, at *2 (S.D. Tex. Mar. 20, 2013).  Likewise, in Spencer v. City of Cibolo, Texas, the evidence before the court established that the offices to which plaintiff wanted to mail process were presently staffed because the process server had recently been denied entry.  No. No. 20 Civ. 350, 2020 WL 2043980, at *1 (W.D. Tex. Apr. 27, 2020). Similarly, plaintiff's process server was either told to leave or faced other barriers to entry at the residential addresses to which plaintiffs proposed to mail process.  See id.  Consequently, this evidence either established that the offices and residences were recently occupied or, at the very least, left their occupancy status ambiguous.  The same cannot be said with confidence here.

<u>Berdeaux v. OneCoin Ltd.</u>, No. 19 Civ. 4074, 2020 WL 409633, at *2
(S.D.N.Y. Jan. 24, 2020) (reasoning that a combination of service
methods met the due process standard when, in isolation, they may
not have been sufficient).

Thus, to meet the <u>Mullane</u> due process standard, Platina is
directed to serve the summons, complaint, and a copy of this
Memorandum and Order through each of the following methods:

(1)   Serve the Texas Secretary of State in the manner
      prescribed by Texas law;

(2)   Personally serve Mr. Kyriazis or any person over the age
      of 16 residing at 111 W. Ambassador Bend, Spring, TX
      77382 after 7:00 p.m. on a weekday and, if no one is
      there, leave copies of the same in the mail slot or affix
      them to the door;

(3)   Mail by certified mail to Mr. Kyriazis at 111 W.
      Ambassador Bend, Spring, TX 77382;

(4)   Personally serve a Praxis LLC member, manager, employee,
      or registered agent at 1725 Hughes Landing Boulevard,
      Suite 890, The Woodlands, TX 77380 between 9:00 a.m. and
      5:00 p.m. on a business day and, if no one matching that
      description is there, leave copies of the same in the
      office mailbox or affix them to the door;

(5)   Mail by certified mail to Praxis LLC at 1725 Hughes
      Landing Boulevard, Suite 890, The Woodlands, TX 77380;

(6)    Email the following email addresses that, according to Platina, are associated with defendants and are able to receive emails:

legal.control@praxisenergyagents.com

accountsall@praxisenergyagents.com

stefania@praxisenergyagents.com

sakiskyriazis@praxisenergyagents.com

singapore@praxisenergyagents.com

houston@praxisenergyagents.com; and

(7)    Mail by certified mail and email the following legal counsel who are actively litigating on behalf of Praxis LLC in <u>Northstar Bunker N.V. v. Praxis Energy Agents LLC</u>, No. 20 Civ. 1195 (S.D. Tex.):[4]

George M. Chalos
Chalos and Co PC
55 Hamilton Ave
Oyster Bay, NY 11771

---

[4]    Courts in this District have found that service on counsel representing defendant in another case meets the due process standard in the analogous context of serving a foreign defendant under Rule 4(f)(3) as long as the court is satisfied that there has been "adequate communication between the individual and the attorney." <u>In GLG Life Tech Corp. Sec. Litig.</u>, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (citations omitted); <u>see</u> <u>also</u> <u>Selippos</u>, 2013 WL 1181469, at *2–3 (approving of alternative service on defendant's counsel under Texas Rule of Civil Procedure 106(b)).  Here, the Court is satisfied that counsel for Praxis LLC in <u>Northstar Bunker</u> have had adequate, and most likely recent, contact with Praxis LLC because they are presently litigating on Praxis LLC's behalf and filed briefs on behalf of Praxis LLC as recently as September 8, 2020.  <u>See</u> Def.'s Reply Br., <u>Northstar Bunker</u>, No. 20 Civ. 1195 (S.D. Tex. Sept. 8, 2020), ECF No. 26.  The Court's order to serve these attorneys is not to suggest that the lawyers must accept service on Praxis LLC's behalf or that the Court is appointing them as Praxis LLC's agents for service of process. Instead, sending the service papers to these attorneys is simply a method of notice that is likely to inform Praxis LLC of this lawsuit, as the Court assumes that most reasonable lawyers will inform their clients about the pendency of a lawsuit when notified in this manner.

                              516-714-4300
                              Email: gmc@chaloslaw.com

                              Briton Paul Sparkman
                              Chalos and Co PC
                              7210 Tickner Street
                              Houston, TX 77055
                              713-574-9454
                              Email: bsparkman@chaloslaw.com

                              **CONCLUSION**

Platina's motion is granted, subject to the Court's instructions that Platina serve Praxis LLC through each of the seven methods detailed above.

Praxis LLC is cautioned that it faces the possibility of having a certificate of default and a default judgment entered against it if it fails to answer the complaint within 21 days of Platina's completion of service through these seven methods. See Fed. R. Civ. P. 12(a)(1)(A)(i).

The Court takes no view at this time on Platina's alter ego theory, namely whether service on Praxis LLC is effective as to the other defendants.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 23.

          **SO ORDERED.**

          Dated:    New York, New York
                    October 15, 2020

                              _____
                              NAOMI REICE BUCHWALD
                              UNITED STATES DISTRICT JUDGE